UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SHAFFER,

    Plaintiff,

v.                      Case No. 8:18-cv-1382-T-33CPT

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
CWALT, INC., ALTERNATIVE LOAN
TRUST 2006-OA16, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-OA16; THE CERTIFICATE HOLDERS
OF CWALT, INC., ALTERNATIVE LOAN
PASS-THROUGH CERTIFICATES, SERIES
2006-0A-16; and THE CIRCUIT COURT
OF THE TWELFTH JUDICIAL CIRCUIT OF
FLORIDA IN AND FOR MANATEE COUNTY,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Plaintiff Linda Shaffer's Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief, (Doc. # 2), filed on June 8, 2018. For the reasons stated below, the Motion is denied insofar as it requests a temporary restraining order.

1

**Discussion**

On June 8, 2018, Shaffer filed a Complaint against Defendants Bank of New York Mellon, the Certificateholders of CWALT, Inc., and the Circuit Court of the Twelfth Judicial Circuit of Florida seeking injunctive relief and a declaratory judgment to stay the foreclosure sale of her property. (Doc. # 1). Shaffer argues the Circuit Court's order denying her motion to vacate the foreclosure sale violates the "Full Faith and Credit" provision of the U.S. Constitution because the Circuit Court "refused to grant 'Full Faith and Credit' to the provisions included within and mandated by the Court Approved Settlement by the Certificateholders of CWALT . . . for any and all claims against borrowers, such as Linda Shaffer," a settlement which was approved in New York state court. (Id. at ¶ 1). Shaffer tersely contends the Anti-Injunction Act does not preclude her request for injunctive relief because "this fact pattern is an exception to the Anti-Injunction Act." (Id. at ¶ 55).

Shaffer then filed the pending Motion seeking a temporary restraining order and preliminary injunction. (Doc. # 2). The Motion contains twelve pages of rambling facts as to the various Defendants and ends with a request to stay the sale of Shaffer's property, until "a hearing on the order to

show cause why Defendants should not be enjoined." (Id. at 14). The clearest statement of relief sought is found in the introductory paragraph and reads:

> Plaintiff Shaffer requests this Court to issue a Declaratory Judgment, Temporary Preliminary and Permanent Injunctive Relief against Defendant Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida from engaging in further violations of the "Full Faith and Credit" provisions of the U.S. Constitution and the Florida State Constitution.

(Id. at 4). The Court therefore construes this motion as seeking a temporary restraining order to enjoin a state court foreclosure sale in Manatee County, Florida.

A request for a temporary restraining order "to prevent a foreclosure sale from occurring falls squarely within the bounds of the Anti-Injunction Act." Dyer v. The Bank of N.Y. Mellon, No. 5:17-cv-130-Oc-30PRL, 2017 WL 1165552, at *2 (M.D. Fla. Mar. 29, 2017). "Under the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 678 (11th Cir. 2014)(quoting 28 U.S.C. § 2283)). Shaffer has "cited no Act of Congress that would allow for injunctive relief." Id. Therefore, the first exception does not apply.

"The second exception, or 'necessary in aid of its jurisdiction' exception, applies in two narrow circumstances: (1) the federal court gains jurisdiction over *res* in an *in rem* proceeding before a party brings a subsequent state court action; or (2) the federal court is presented with a similar context, such as the need to protect an earlier injunction." Id. (quoting Burr & Forman v. Blair, 470 F.3d 1019, 1028–29 (11th Cir. 2006)). Shaffer is not pursuing an *in rem* action in this Court. See In re Rothstein, Rosenfeldt, Adler, P.A., 717 F.3d 1205, 1214 (11th Cir. 2013)(noting that an *in rem* action exists when the district court is exercising jurisdiction over property). Shaffer has "also not implicated the second basis, which applies when the district court must protect a pre-existing federal judgment or injunction." Arthur, 569 F. App'x at 678. Therefore, the second exception does not appear to apply.

Finally, the third exception, known as "[t]he relitigation exception[,] is applicable where subsequent state law claims 'would be precluded by the doctrine of res judicata.'" Id. (quoting Burr & Forman, 470 F.3d at 1029–30). "In addition to the existence of a federal judgment, 'the party seeking the injunction must make a strong and unequivocal showing of relitigation.'" Arthur, 569 F. App'x

4

at 678–79 (quoting Delta Air Lines, Inc. v. McCoy Rests., Inc., 708 F.2d 582, 586 (11th Cir. 1983)). This appears to be the exception Shaffer alludes to in her Complaint. (Doc. # 1 ¶ 44). However, Shaffer does not "point to a federal judgment that has been issued in [her] favor." Arthur, 569 F. App'x at 679. The "Court Approved Settlement" Shaffer mentions involves a New York state court proceeding, so no federal judgment is implicated.

Based on the limited record before the Court, Shaffer's request for a temporary restraining order is denied. See Dyer, 2017 WL 1165552, at *2 (denying plaintiff's request for an injunction to prevent foreclosure under the Anti-Injunction Act); Littlejohn v. CitiMortgage, Inc., No. 3:15-cv-194-J-34JRK, 2015 WL 789131, at *2 (M.D. Fla. Feb. 24, 2015) (same). To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Christopher P. Tuite, United States Magistrate Judge, for a report and recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Linda Shaffer's Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief (Doc. # 2) is **DENIED** insofar as it seeks a temporary restraining order.

(2) To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Christopher P. Tuite, United States Magistrate Judge, for a report and recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE