UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SHAFFER,

    Plaintiff,

v.                                                    Case No. 8:18-cv-1382-T-33CPT

THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2006-
OA16, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-OA16;
THE CERTIFICATE HOLDERS OF
CWALT, INC., ALTERNATIVE LOAN
PASS-THROUGH CERTIFICATES,
SERIES 2006-0A-16; and THE
CIRCUIT COURT OF THE TWELFTH
JUDICIAL CIRCUIT OF FLORIDA IN
AND FOR MANATEE COUNTY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is the Plaintiff's motion for a preliminary injunction. *See* (Doc. 2). For the reasons discussed below, I recommend that the Plaintiff's motion be denied.

## BACKGROUND

The Plaintiff initiated this action on June 8, 2018, by filing a Complaint against Defendants Bank of New York Mellon, the Certificateholders of CWALT, Inc., and the Circuit Court of the Twelfth Judicial Circuit of Florida seeking injunctive and declaratory relief aimed, in part, at staying the foreclosure sale of her property. (Doc. 1). Simultaneously with her Complaint, the Plaintiff filed an *Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief.* (Doc. 2).

The following day, the Court issued an Order (June 9 Order) denying that portion of the Plaintiff's application which sought a temporary restraining order (TRO). (Doc. 3). Describing the filing as "twelve pages of rambling facts" that "ends with a request to stay the sale of Shaffer's property," *id.* at 2-3 (citing Doc. 2 at 14), the Court found "[t]he clearest statement of relief sought" in the introductory paragraph, which reads:

> Plaintiff Shaffer requests this Court to issue a Declaratory Judgment, Temporary Preliminary and Permanent Injunctive Relief against Defendant Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida from engaging in further violations of the "Full Faith and Credit" provisions of the U.S. Constitution and the Florida State Constitution.

*Id*. at 3 (citing Doc. 2 at 4).

Based on the Plaintiff's averments and the limited record before it, the Court construed the Plaintiff's motion as one to temporarily enjoin a state-court foreclosure sale and denied it as barred by the Anti-Injunction Act. *Id.* at 3-5. The Court

referred the remainder of the motion, to the extent it seeks a preliminary injunction, to me for a Report and Recommendation. *Id.* at 6.

Subsequently, on June 12, 2018, the Court directed the Plaintiff to serve process on the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 5). When more than sixty days had passed without an indication that the required summonses had been issued, the Court ordered the Plaintiff to file a status report setting forth her efforts to have the summonses issued and the Defendants served. (Doc. 6). The Plaintiff eventually effected service on the Defendants in late September 2018. *See* (Docs. 13-15).

Although the Defendants have yet to respond to the Plaintiff's preliminary injunction request or to otherwise appear in the action, I find that such responses are unnecessary under the circumstances.

## **DISCUSSION**

Rule 65(a) of the Federal Rules of Civil Procedure governs the entry of preliminary injunctions. The purpose of such injunctions is to maintain the *status quo* until the court can enter a final decision on the merits of the case. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). In order to prevail on a request for a preliminary injunction, the moving party must establish four elements:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction is not granted;

3

    (3)    the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and

    (4)    if issued, the injunction would not be adverse to the public interest.

*See Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quotations omitted).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)). The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Of significance here, the Local Rules provide that a party applying for a preliminary injunction must support the motion "by allegations of specific facts shown in the verified complaint or accompanying affidavits." M.D. Fla. R. 4.05(b)(2) (as incorporated into M.D. Fla. R. 4.06). In other words, "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support . . . a motion for a preliminary injunction." Charles Alan Wright, et al., 11A Federal Practice and Procedure § 2949 (3d ed. 2017); *see also Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001) *aff'd*, 287 F.3d 1325 (11th Cir. 2002) (internal citations omitted) ("To carry its burden, a plaintiff seeking a

preliminary injunction must offer proof beyond unverified allegations in the pleadings. Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden").

Upon review of the pleadings and the instant motion, I find that the motion is both procedurally and substantively infirm. Contrary to the Local Rules, neither the Complaint nor the motion is verified. Furthermore, the Plaintiff has not submitted any affidavits or declarations in support of her request for injunctive relief. The Plaintiff's motion should be denied on this basis alone.

In addition, as a substantive matter, the Court's analysis in its June 9 Order that the Anti-Injunction Act bars the issuance of a TRO to prevent a state-court foreclosure sale applies equally to the Plaintiff's request for a preliminary injunction. *See* (Doc. 3 at 3-5). As the Court noted in its Order, the Anti-Injunction Act precludes a district court from enjoining "state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) (quoting 28 U.S.C. § 2283).[1] The Plaintiff presents no basis to conclude that any exception to the Anti-Injunction Act applies under the circumstances here. As a result, her request for injunctive relief cannot lie.

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

## CONCLUSION

For the foregoing reasons, I recommend that the Plaintiff's motion for a preliminary injunction (Doc. 2) be DENIED.

Respectfully submitted this 4th day of October 2018.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record